UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BLACK.,

     Plaintiff,

v.

CITY OF DETROIT, *et al.*,

     Defendants.

_____/

Case No. 18-cv-10965
Hon. Matthew F. Leitman

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY EX-PARTE MOTION FOR SUBSITUTED SERVICE AND EXTENSION OF SUMMONS FOR INDIVIDUAL DEFENDANT PAMELA DAVIS-DRAKE (ECF #14)

On March 23, 2018, Plaintiff Christopher Black filed this action against Defendants City of Detroit, Adam Szklarski, Jacob Hebner, Christopher Moreau, Amber Taylor, Pamela Davis-Drake, and other unnamed officers. (*See* Compl., ECF #1.) On that same day, the Court issued Summonses for each of the Defendants. (*See* Summonses, ECF #2.) Each of the named Defendants except Davis-Drake have been served with a Summons and Complaint in this action. (*See* ECF ## 5, 6, 9, 10, 13.)

On June 4, 2018, Plaintiff filed an emergency motion for alternative service and to extend the Summons for Davis-Drake, which is currently due to expire on June 21, 2018. (*See* Mot., ECF #14.) In Plaintiff's motion, he explains that the process server has unsuccessfully attempted to personally serve Davis-Drake once

1

at the office of her (now- former) employer, the City of Detroit Office of the Chief Investigator, and three times at her residence in Westland, Michigan. Plaintiff also states that the process server spoke with Davis-Drake over the phone, and Davis-Drake stated that she is rarely home to be personally served. In support of the motion, Plaintiff attached an affidavit from the process server, who avers the following:

> 2. That on Wednesday, March 28, 2018 at 10:00 a.m., I attempted to serve the Summons and Complaint in the above-referenced cased upon Defendant Pamela Davis-Drake at the City of Detroit Office of the Chief Investigator Office, Police Headquarters, 1301 Third Avenue, Detroit, MI 48226 and at that time and place, I was told she was no longer employed with the City of Detroit.

> 3. That on Saturday, May 19, 2018 at 10:45 a.m., I attempted to serve the Summons and [sic] Defendant Pamela Davis-Drake at 29717 Hanover Blvd., Westland, MI 48186 (a home address received from Plaintiff's Counsel) and at that time and place, I observed no cars parked in the driveway. I went to the door and knocked but there was no answer.

> 4. On Wednesday, I contacted Defendant Pamela Davis-Drake via telephone (form a phone number provided by Plaintiff's Counsel) and left her a voicemail advising her that I was a process server and stated that I had been trying to contact her for service of process. Defendant Davis-Drake called me back later that same day and I had asked her when a good time to personally serve her at her home was. She advised that she works all the time and I could just mail it to her or leave a copy at her home. I advised her that I was not supposed to just leave it.

5. That I returned to 29717 Hanover Blvd., Westland, MI 48186 on Wednesday, May 30, 2018 at 9:10 a.m., and at that time and place, I knocked on the door and no one answered.

6. That I returned again to 29717 Hanover Blvd., Westland, MI 48186 on Thursday, May 31, 2018 at 9:10 a.m., and at that time and place, I knocked on the door and no one answered. However, I did leave a copy of the Summons, Complaint and Jury Demand and Notice of Taking Deposition for her as she requested.

(Process Server Aff. at ¶¶ 2-6, ECF 14-3 at Pg. ID 108-09.) Plaintiff asks that the summons for Davis-Drake be extended for 30 days and "requests that service upon Defendant Pamela Davis Drake be allowed in any or all following ways: (a) by service upon the city of Detroit and/or (b) by certified mail; and/or (c) by US First Class Mail; and/or (d) by tacking the Summons and Complaint, along with accompanying documents to the front door of her last known address (29717 Hanover Blvd., Westland, MI 48186); and/or (e) by any other means this Honorable Court deems appropriate and just." (Mot., ECF #14 at Pg. ID 96-97.)

Federal Rule of Civil Procedure 4(e)(1) states that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Michigan Court Rule 2.105 governs service of process in the State of Michigan and it states in relevant part that process may be served on a resident or non-resident individual by:

3

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A)(1)-(2). "On a showing that service of process cannot reasonably be made as provided by this rule, [a] court may by order permit service of process to be made in any other manner reasonably calculated to give [a] defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1). "A request for an order under [MCR 2.105(I)] must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs." MCR 2.105(I)(2).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

The Court is not yet persuaded that service under MCR 2.105(A)(1)-(2) cannot reasonably be made so that substituted service is required. While Plaintiff details reasonably diligent efforts to personally serve Davis-Drake, Plaintiff apparently has not attempted to serve Davis-Drake through certified mail using the process detailed in MCR 2.105(A)(2) ("subsection 2"). Nor has Plaintiff explained why service under subsection 2 is not possible. On the contrary, Plaintiff's request in its motion to use alternative service by "certified mail" suggests that process under subsection 2 is possible. Indeed, according to the process server, Davis-Drake herself has indicated an openness to receiving the necessary documents by mail. In light of the fact that Plaintiff has not attempted to serve Davis-Drake pursuant to the process detailed in subsection 2, the Court cannot presently conclude that substituted service is necessary.

The Court does find, however, that good cause exists to allow Plaintiff additional time to serve Davis-Drake. The Court will therefore grant Plaintiff's request to extend the Summons for Davis-Drake by 30 days. If Plaintiff is still unable to properly serve Davis-Drake before the Summons expires, the Court would entertain a properly-supported motion for alternative service.

Accordingly, for all the reasons stated above, **IT IS HEREBY ORDERED THAT** Plaintiff's Emergency Ex-Parte Motion for Substituted Service and

Extension of Summons for Individual Defendant Pamela Davis-Drake is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the expiration date for the Summons for Individual Defendant Pamela Davis-Drake shall be extended by 30 days.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Defendant Davis-Drake with a copy of this Order at the same time he serves her with the Complaint and Summons.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 11, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764